FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 5 - 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS OCASIO,

                Plaintiff,

-against-

BIG APPLE SANITATION, INC., and
ROBERT SHIRLAW, JR., Individually,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4758 (CBA) (LB)

**AMON, Chief United States District Judge.**

On August 23, 2013, plaintiff Luis Ocasio filed this action against defendants Big Apple Sanitation, Inc., and Robert Shirlaw, its owner and operator. (Complaint ("Compl.") ¶¶ 11-13.) Ocasio alleges that he was an employee of defendants from February 2012 through July 25, 2013. (Id. ¶ 20.) During that time, he claims that defendants failed to pay him at all for hours he worked in excess of 40 hours per week, let alone the one-and-a-half times his regular pay rate required by law. (Id. ¶¶ 34-35.) Plaintiff alleges defendants thereby violated the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Id. ¶¶ 1-2.)

Defendants did not respond to the complaint, and on February 21, 2014, at the request of Ocasio, the Clerk of Court entered default against defendants. (Docket Entry ("D.E.") 11.) On May 29, 2014, Ocasio moved for a default judgment against defendants, seeking: (1) unpaid overtime wages totaling $42,187.50; (2) liquidated damages totaling $42,187.50; and (3) prejudgment interest in the amount of $7,593.75. (Plaintiff's Affidavit of Damages ("Pl. Aff.") ¶ 7-10; Affirmation in Support of Motion for Default Judgment ("Affirm. in Supp.") ¶ 7.) He also sought $4,514.50 in attorney's fees and $615.60 in costs. (Plaintiff's Attorneys' Fees and Costs

1

Affidavit at 1, 8-9.) The Court referred the matter to Magistrate Judge Lois Bloom for report and recommendation.

On September 23, 2014, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") recommending that the Court enter a default judgment against defendants. (R&R at 2-5.) Magistrate Judge Bloom further recommended that the Court deny plaintiff's request for pre-judgment interest but that it award plaintiff: (1) $42,187.50 in unpaid overtime wages; (2) $42,187.50 in liquidated damages, pursuant to the FLSA; (3) $3,745 in attorney's fees; (4) $607.50 in paralegal fees; and (5) $615.60 in costs. (Id. at 5-13.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no party has timely objected, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

After reviewing the record, the Court has concluded that Ocasio's complaint fails to state a claim. Accordingly, it declines to adopt the R&R.

A complaint alleging unpaid overtime wages is not well pleaded when it is "devoid of any numbers to consider beyond those plucked from the [FLSA and NYLL]" and "allege[s] only that 'in some or all weeks' [plaintiff] worked more than 'forty hours' a week without being paid '1.5' times [his or] her rate of compensation . . . ." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 & n.5 (2d Cir. 2013). Although plaintiffs need not "plead their hours with mathematical precision," they must "provide some factual context that will 'nudge' their claim 'from

conceivable to plausible.'" Id. at 90 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Here, Ocasio's complaint suffers from the same deficiencies described in Dejesus. (See Compl. ¶ 23 ("Plaintiff Ocasio routinely worked over forty (40) hours per workweek . . . but was never compensated at an overtime rate of one and one half times his regular rate of pay . . . .").) His complaint "track[s] the statutory language of the FLSA, lift[s] its numbers and rehash[es] its formulation, but alleg[es] no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." Dejesus, 726 F.3d at 89.

In documents filed in support of his motion for default judgment, Ocasio does provide an estimate of the number of unpaid overtime hours he worked for defendants. (Pl. Aff. ¶¶ 5-7; Affirm. in Supp. ¶ 7.) District courts, however, are limited to the four corners of a complaint when evaluating whether a plaintiff's allegations, taken as true, are sufficient to prove a defendant's liability as a matter of law. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 & n.23 (2d Cir. 2011) (noting that "[m]ost of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief"); see also Klimchak v. Cardrona Inc., No. 09-cv-4311, 2014 WL 3778964, at *5 n.5 (E.D.N.Y. July 31, 2014) (declining expressly to consider material extrinsic to plaintiff's complaint in evaluating liability on default judgment); Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman, 969 F. Supp. 2d 278, 287 n.6 (E.D.N.Y. 2013) ("Default judgments are disfavored . . . so before a district court will enter one, it must ensure that the defaulting defendants received notice of the claims against them and were provided an opportunity to answer those allegations.") Accordingly, the Court will not consider those filings in making its liability determination on a motion for default judgment.

Because defendants have yet to file any responsive pleadings, Ocasio may amend his complaint as a matter of course to cure its defects and bring it in line with the pleading standard set forth by the Second Circuit in <u>Dejesus.</u> <u>See</u> Fed. R. Civ. P. 15(a)(1)(B). He must serve the amended complaint on defendants within 30 days of this Order. Should defendants again fail to respond, Ocasio may once more seek an entry of default and move for default judgment, pursuant to Federal Rule of Civil Procedure 55.

SO ORDERED.

Dated: Brooklyn, New York
February 4, 2015

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge