Case 1:13-cv-04758-CBA-LB   Document 23   Filed 01/27/16   Page 1 of 3 PageID #: 128

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 27 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LUIS OCASIO,

                Plaintiff,

-against-

BIG APPLE SANITATION, INC., and
ROBERT SHIRTLAW, JR., individually,

                Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4758 (CBA) (LB)

**AMON, Chief United States District Judge:**

On August 23, 2013, plaintiff Luis Ocasio filed this action against Big Apple Sanitation, Inc., and Robert Shirlaw, Jr. (collectively, "Big Apple Sanitation"), seeking unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law. (D.E. # 1, Compl.) After Big Apple Sanitation failed to appear and defend the action, Ocasio requested a certificate of default, which the Clerk of Court entered on February 21, 2014. (D.E. # 11.) After receiving two extensions, Ocasio moved for a default judgment, (D.E. # 15), and the Court referred the motion to the Honorable Lois Bloom, United States Magistrate Judge, (D.E. dated June 2, 2014). On September 23, 2014, Judge Bloom issued a Report and Recommendation ("R&R") recommending that Ocasio's motion for default judgment be granted. (D.E. # 17, "Default Judgment R&R".) On February 5, 2015, however, the Court denied Ocasio's motion because his complaint failed to allege "particular facts sufficient to raise a plausible inference of an FLSA overtime violation." (D.E. # 18, Mem. and Order at 3.) The Court noted that because the defendants had not yet answered, Ocasio was still entitled to amend his complaint and directed Ocasio to serve any amended complaint within 30 days. (Id. at 4.)

After Ocasio failed to amend his complaint or take any other action in this case for more than six months, Judge Bloom issued an R&R recommending that the Court dismiss the case with

1

prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (D.E. # 19, "Rule 41(b) R&R".) After receiving two extensions of time to object, Ocasio filed an objection to the Rule 41(b) R&R. (D.E. # 22, Pl.'s Obj.) In his objection, Ocasio reveals that after Judge Bloom issued her Default Judgment R&R, counsel for Ocasio and Big Apple Sanitation entered settlement negotiations. (Pl.'s Obj. at 2.) Ocasio now requests that the Court approve the resulting settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and dismiss the case with prejudice. (Pl.'s Obj. at 2)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Although Ocasio articulates no specific objections to Judge Bloom's Rule 41(b) R&R, in light of Ocasio's reappearance and the revelation that the parties settled the matter more than one year ago, the Court reviews the R&R de novo.

The Second Circuit has cautioned that "dismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations." Lewis v. Rawson, 564 F.3d 569, 575–76 (2d Cir. 2009) (internal quotation marks and citations omitted). Here, Ocasio's objection indicates that although he failed to keep the Court apprised of his actions, he was in fact pursuing his claims through settlement discussions. Ocasio explains he did not inform the Court of the settlement earlier because the settlement agreement "calls for legal action only after a receipt of all settlement

funds, the receipt of which is not to be concluded until the end of February, 2016." (Pl.'s Obj. at 3.) Although this does not excuse his failure to update the Court on the status of his case, this failure is not sufficiently extreme to justify sua sponte dismissal. The Court therefore declines to adopt the R&R's recommendation and will instead review the settlement agreement pursuant to Cheeks, 796 F.3d 199, before dismissing the case.

## CONCLUSION

For these reasons, the Court declines to adopt the R&R's recommendation that the case be dismissed with prejudice. The Clerk of Court is directed to convert Ocasio's objection into a motion for approval of the settlement. The motion for approval of the settlement is hereby referred to Judge Bloom for report and recommendation.

SO ORDERED.

Dated: January 26, 2016  
Brooklyn, New York

s/Carol Bagley Amon  
Carol Bagley Amon  
Chief United States District Judge