UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LUIS OCASIO,

                Plaintiff,                       **REPORT AND RECOMMENDATION**
                                                        13 CV 04758 (CBA)(LB)

-against-

BIG APPLE SANITATION, INC. and
ROBERT SHIRLAW, JR., *Individually*,

                Defendants.
---------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       On August 23, 2013, Plaintiff filed a complaint against Big Apple Sanitation, Inc. and Robert Shirlaw, Jr., to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), and the New York Labor Law, Art. 6, §§ 190–99, and Art. 19, §§ 650–65 (collectively, "NYLL"). Defendants defaulted, but the Court ultimately denied Plaintiff's motion for default judgment because the complaint failed to state a claim under the FLSA. (ECF No. 18.) The Court granted Plaintiff leave to amend the complaint, but Plaintiff failed to take any action. I therefore recommended that the action should be dismissed for Plaintiff's failure to prosecute. (ECF No. 19.) Plaintiff objected to my Report and Recommendation, asserting that the parties had executed a settlement agreement ("Agreement") regarding this matter in October 2014. Plaintiff therefore requested Court approval of the Agreement in order to file a stipulation dismissing the case with prejudice. (ECF No. 22.) Chief Judge Amon converted Plaintiff's objection to a motion for settlement approval, and referred that motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that Plaintiff should be required to file a revised settlement agreement for the Court's approval as the Court should not approve the October 2014 settlement agreement.

I. **Standard for Approving FLSA Settlements**

In Cheeks v. Freeport Pancake House, Inc., the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks, 796 F.3d 199, 206 (2d Cir. 2015). Although the parties executed their Agreement prior to Cheeks, Plaintiff concedes that because he seeks to stipulate to the dismissal of this FLSA action post-Cheeks, the Court must approve the Agreement. (See ECF No. 22.)

Generally, "if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Kochilas v. Nt'l Merchant Servs., Inc., No. 14-CV-00311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). To determine whether a FLSA settlement agreement is a reasonable compromise in a case that does not involve a certified class, the Court takes into account "(1) the complexity, expense, and likely duration of the litigation, (2) the stage of the proceedings and the amount of discovery completed, (3) the risks of establishing liability, (4) the risks of establishing damages, (5) the ability of defendants to withstand a larger judgment, and (6) the range of reasonableness in light of best possible recovery and all the risks of litigation." Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126, 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 19, 2014) (citing Peralta v. Allied Contracting II Corp., No. 09-CV-0953, 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011), adopted, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011)). In addition to assessing the reasonableness of the agreement on the merits and the nature of the case, Cheeks highlighted the need to ensure that the settlement not offend the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks, 796 F.3d at 205–07. Accordingly, following Cheeks, courts

2

in this Circuit have repeatedly rejected confidentiality provisions and general liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15-CV-327, 2015 WL 7271747, at *3 (S.D.N.Y. Nov. 6, 2015) (collecting cases).

The Court also considers whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and the possibility of fraud or collusion. D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (citation omitted). To that end, the Court evaluates the reasonableness of any attorney's fees included in the proposed settlement. See 29 U.S.C. § 216(b); NYLL § 663(1). Although there is a "greater range of reasonableness" where "the parties settled on the fee through negotiation," Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), the Court "must carefully scrutinize the settlement and the circumstance in which it was reached" to determine that there was no conflict between counsel's interest in fees and the plaintiff's interest in obtaining the best possible recovery, Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

**II. Instant Settlement Agreement**

The parties executed the Agreement in this matter on October 8, 2014. (Agreement, ECF No. 22-1.) Plaintiff's counsel did not alert the Court to the Agreement until one year later, only after I recommended dismissal of this action based on Plaintiff's counsel's inaction. (ECF No. 21.)[1] The basic terms of the Agreement provide that Plaintiff will release Defendants from all

---

[1] The Agreement requires Plaintiff to move to dismiss the action upon receiving the final settlement payment scheduled in 2016. Counsel explains that she was seriously ill and out of work from February 6, 2015 and thus failed to respond to the Court's orders or to notify the Court of the Agreement prior to the Court's recommendation that the case should be dismissed for failure to prosecute.

liability regarding any claims arising from his employment and will seek dismissal of the instant case in exchange for $24,000. (Agreement ¶ 1.)

The Agreement does not specify what portion of that amount represents Plaintiff's back wages, liquidated damages, attorney's fees, or costs. (Id.) In Plaintiff's motion for settlement approval, however, Plaintiff's counsel asserts that her firm collected "only 26% of the recovery, exclusive of costs." (ECF No. 22 at 6.) If that is so, Plaintiff's counsel received $6,240 of the $24,000 settlement. Counsel's tally of costs total $722.16, which includes litigation costs as well as the costs of distributing the settlement checks. (ECF No. 22-3.) If that is correct, Plaintiff would receive $17,037.84 as his portion of the settlement. While this may be a reasonable amount for Plaintiff's claim, for the reasons stated below, the Court should not approve the Agreement.

### A. Reasonableness as to Merits

Plaintiff's net award of $17,037.84 is nearly five times less than the full amount of damages Plaintiff sought on all of his claims.[2] Nevertheless, Plaintiff's portion of the settlement represents a reasonable compromise given a number of factors. Plaintiff indicates that Big Apple Sanitation, Inc. went out of business by the time the parties executed the Agreement. (See ECF No. 22 at 2.) As demonstrated by the Agreement's long-term payment plan, spanning over seventeen months, it may have been difficult to recover any judgment larger than the settlement amount. Moreover, although Defendant had defaulted, even assuming the truth of the allegations in the complaint, Plaintiff's complaint was deficient as a matter of law. Therefore, Plaintiff would have had to amend his complaint before obtaining any relief, allowing Defendants another

---

[2] Based on Plaintiff's motion for default judgment, Plaintiff's unpaid overtime wages and liquidated damages amount to $84,375. (See ECF No. 17.)

4

opportunity to appear and defend against his claims in this action. By settling this case before he amended the complaint, Plaintiff avoided litigation of any issues that may have arisen if Defendants responded to an amended complaint. See Misiewicz, 2010 WL 2545439, at *4–5; see also Reyes v. Buddha-Bar NYC, No. 08-CV-2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation"). Additionally, Plaintiff's counsel states she is experienced in litigating and negotiating settlements for FLSA claims. Plaintiff's counsel states that the Agreement was reached after arm's-length negotiations. These factors therefore weigh in favor of approving the settlement.

### B. Non-Disclosure and Liquidated Damages Provisions

However, the Agreement also includes a non-disclosure provision, which the Court should reject. (Agreement ¶¶ 3, 4.) FLSA settlement agreements that contain a confidentiality provision generally will not be approved because such a provision runs contrary to "one of the FLSA's primary goals—to ensure 'that all workers are aware of their rights.'" Lopez, 96 F. Supp. 3d at 180; see Cheeks, 796 F.3d at 206 (observing that courts have recently rejected proposed FLSA settlements which contain confidentiality clauses); Thallapaka v. Sheridan Hotel Assocs. LLC, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (same). By barring a FLSA plaintiff who has "vindicated a disputed FLSA right" from speaking about the settlement, a confidentiality clause in a FLSA settlement blocks "the diffusion of information about [workers'] employment rights." Camacho v. Ess-A-Bagel, Inc., No. 14-cv-2592, 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015).

The Agreement's non-disclosure clause has the same effect as a confidentiality provision. It prevents the parties from referencing the terms of the Agreement "except to their respective

5

attorneys, accountants and/or immediate family members." (Agreement ¶ 4.) There is no exception permitting a party to disclose the contents of the Agreement upon subpoena or Court order. Moreover, although approved settlement agreements are necessarily published on the Court's public docket, internet access to the Agreement is insufficient to overcome the bar preventing plaintiff from openly discussing how he vindicated his FLSA rights. See Lopez, 96 F. Supp. 3d at 179 (noting that access to the court's docket requires specific knowledge and internet access and therefore "unlikely to benefit low-wage workers"); Souza, 2015 WL 7271747, at *4 (noting that despite docket access to a settlement agreement "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit"). The Agreement's non-disclosure clause therefore runs afoul of Congress's objective of ensuring widespread compliance with the FLSA.

The provision for Plaintiff to pay liquidated damages to Defendant for violating any term of the Agreement is also troubling. Should Plaintiff breach the confidentiality provision, he must immediately repay Defendants the entire $24,000 settlement, including the amounts already paid to Plaintiff's counsel for fees and costs. (Agreement ¶ 7.) This liquidated damages provision, like the provision the court struck in Lopez v. Nights of Cabiria, "places the conflict between the purposes of the FLSA and the confidentiality obligations of the Agreement in especially stark relief." Lopez, 96 F. Supp. 3d at 180. The conflict is even greater here than in Lopez, where the liquidated damages were only $3,000 and not the plaintiff's entire settlement amount. Even under the lesser standard of New York law in non-FLSA agreements, the term may be deemed unconscionable because liquidated damages provision must bear a reasonable relationship to the probable loss due to the breach. See Northern Shipping Funds I, LLC v. Icon Capital Corp., 998 F. Supp. 2d 301, 334 (S.D.N.Y. 2014). In any event, the liquidated damages provision here

should not be approved by the Court as it acts to reinforce the non-disclosure provision in silencing Plaintiff. The parties must therefore remove or more narrowly tailor these provisions to allow Plaintiff to discuss the litigation of this case. Cf. Lopez, 96 F. Supp. 3d at 181 (rejecting FLSA settlement agreement due to inclusion of overly-broad non-disclosure provision and liquidated damages clause); Camacho, 2015 WL 129723, at *3 (declining to approve FLSA settlement agreement until non-disclosure provision is removed).

### C. General Release

The Agreement's general release is another obstacle to Court approval. As with confidentiality provisions, broad general releases are generally impermissible. See Cheeks, 796 F.3d at 206. "[A]n employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA." Mahalick v. PQ N.Y. Inc., No. 14 Civ. 899, 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015); see Souza, 2015 WL 7271747, at *6 (noting that some courts have understood the aversion to overbroad releases as requiring that FLSA releases be limited to wage-and-hour claims). A release is overbroad if it "'confers an uncompensated, unevaluated, and unfair benefit on the employer.'" Lopez, 96 F. Supp. 3d at 181 (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010)).

Here, the scope of the Agreement's general release is broad. Not only does Plaintiff forfeit the claims he raises in the instant complaint under the FLSA and NYLL, he also waives and agrees not sue Defendants on any claim arising out of his employment with Defendants, including any claim arising under state and federal anti-discrimination laws, worker's compensation law, and the Family Medical Leave Act. (Agreement ¶ 3.) It extinguishes both past claims held by Plaintiff and claims which, as of the date of the Agreement, "he at any time hereinafter may have" against Defendants. By including non-wage related claims, known and

unknown to Plaintiff, past and future, the release is impermissibly broad and must be limited to garner Court approval. Cf. Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14-cv-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (finding FLSA settlement release of wage claims known and unknown to plaintiff to be an impermissibly overbroad and declining to approve the settlement).

### D. Attorney's Fees

To assess the reasonableness of the proposed attorney's fees, a court will review contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done to calculate the lodestar amount. Wolinsky, 900 F. Supp. 2d at 336 (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Run Guo Zhang v. Lin Kumo Japanese Rest., Inc., No. 13-CV-6667, 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015). A court may adjust the fee upward or downward from the lodestar amount based on other considerations. Wolinksy, 900 F. Supp. 2d at 336 (citations omitted).

Counsel has submitted billing records regarding the case. A portion of the recorded hours go to counsel's efforts to distribute settlement checks, which may be excluded in the Court's calculations of the lodestar amount. Calculating that amount now is unnecessary, however, because the offensive provisions outlined above should require the Court to reject the Agreement. Upon revising the Agreement and refiling the motion for approval, Plaintiff shall state what portion of the settlement proceeds was paid to counsel so the Court can compare that fee to the lodestar amount.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court should deny Plaintiff's motion for approval of the settlement without prejudice to filing a new motion for settlement approval by a date certain. In the alternative, the parties may choose to file a stipulation discontinuing the case without prejudice.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                             /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: February 9, 2016
       Brooklyn, New York