FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS OCASIO,

                Plaintiff,

-against-

BIG APPLE SANITATION, INC., and
ROBERT SHIRLAW, JR., individually,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-4758 (CBA) (LB)

**AMON, United States District Judge:**

On August 23, 2013, plaintiff Luis Ocasio filed this action against Big Apple Sanitation, Inc., and Robert Shirlaw, Jr. (collectively, "Big Apple Sanitation") seeking unpaid wages pursuant to the Fair Labor Standards Act and New York Labor Law. (D.E. # 1.) On February 5, 2015, after noticing pleading defects in Ocasio's complaint, the Court directed Ocasio to serve an amended complaint within 30 days. (D.E. # 18.) After Ocasio failed to amend his complaint or take any other action in the case for more than six months, the Honorable Lois Bloom, United States Magistrate Judge, issued a report and recommendation ("R&R") recommending that the Court dismiss the case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (D.E. # 19.) After receiving two extensions of time to object, Ocasio filed an objection to the R&R. (D.E. # 22.) In his objection, Ocasio revealed that Ocasio and Big Apple Sanitation had reached a settlement and requested that the Court approve their settlement agreement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (D.E. # 22.) The Court subsequently declined to adopt the R&R, directed the Clerk of Court to convert Ocasio's objection into a motion for approval of settlement, and referred the converted motion to Magistrate Judge Bloom for further report and recommendation. (D.E. # 23.)

1

After reviewing the settlement agreement, Magistrate Judge Bloom issued an R&R recommending that the Court deny Ocasio's motion for approval of the settlement without prejudice to filing a new motion based on a revised settlement. (D.E. # 24.) In the R&R, Magistrate Judge Bloom found that Ocasio's net award was a reasonable compromise, (id. at 4–5), but that the settlement agreement contained "several offensive provisions," (see D.E. # 27 at 3 (citing D.E. # 24 at 5–8)). These provisions included (1) a non-disclosure provision prohibiting open discussion of the terms of the agreement; (2) a liquidated damages provision divesting Ocasio of the entire amount of the settlement (including fees and costs) for any single violation of the agreement or general release; and (3) a broad general release that extinguished both past claims held by Ocasio and claims that Ocasio at any time thereafter may have against Big Apple Sanitation. (See id. (citing D.E. # 24 at 5–8).)

On February 28, 2016, Ocasio filed a motion for approval of a revised settlement agreement. (D.E. # 26.) In the revised agreement, the parties tailored the release provision to only cover claims arising from the facts giving rise to the instant suit and removed the liquidated damages and non-disclosure provisions. (See D.E. # 26-1.) Magistrate Judge Bloom then issued an R&R recommending that the Court deny the approval of the revised settlement agreement as then-written, but approve the agreement if the parties amended it to properly tailor the agreement's non-disparagement clause. (D.E. # 27 at 3 ("To be approved, the parties must add a carve-out for truthful statements about Plaintiff's experiences litigating this case.").)

No party has objected to the R&R, and the time for doing so has passed. Instead, on May 4, 2016, Ocasio filed a second revised settlement agreement, in which the parties included the carve-out language as instructed by Magistrate Judge Bloom. (See D.E. # 29 at 3

("Notwithstanding the above [non-disparagement language], Plaintiff may make truthful about [sic] his experiences litigating this case.").)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

The Court has reviewed the R&R and the record, including the second revised settlement agreement, and finds no clear error in Magistrate Judge Bloom's recommendations. Because the parties have revised the settlement agreement's non-disparagement clause according to the instructions in the R&R, the Court adopts Magistrate Judge Bloom's recommendation that the revised agreement be approved. The Court notes that although the parties amended the clause according to Magistrate Judge Bloom's instructions, there is a clerical error in the clause, wherein the word "statement" is omitted from the sentence "Plaintiff may make truthful about his experiences litigating this case." (D.E. # 29 at 3.) The parties are directed to file a settlement agreement correcting this error and to file a stipulation voluntarily dismissing this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) within thirty (30) days of this order.

SO ORDERED.

Dated: September 26, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge